**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| TOMATO PIE, INC. D/B/A<br>MATTHEW'S PIZZA,<br>1410 Shore Road<br>Middle River, MD 21220<br><br>   Plaintiff,<br><br>   v.<br><br>MATTHEWS L3 PIZZERIA, LLC<br>8007 Woodhaven Road<br>Baltimore, MD 21237,<br><br>   and<br><br>CHRISTOPHER MALER<br>8007 Woodhaven Road<br>Baltimore, MD 21237,<br><br>   Defendants. | Civil Action No.: |

<u>**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, VICARIOUS TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**</u>

The Plaintiff, Tomato Pie, Inc., doing business as Matthew's Pizza, by its undersigned attorneys, files this Complaint against Defendants, Matthews L3 Pizzeria, LLC and Christopher Maler, and alleges the following:

1

## THE PARTIES

1.      Tomato Pie, Inc. is a corporation duly organized and existing under the laws of the Maryland with its principal place of business located at 1410 Shore Road, Middle River, Maryland 21220 ( hereinafter "Matthew's I" or "Plaintiff"). Plaintiff owns and operates "Matthew's Pizza", which is located at 3131 Eastern Ave, Baltimore, MD 21224.

2.      Defendant Matthews L3 Pizzeria, LLC is a Maryland limited liability company with its principal place of business at 8007 Woodhaven Road, Baltimore, Maryland 21237 (hereinafter "Matthews II"). It owns and operates "Matthews L3 Pizzeria", located at 1517 Rock Spring Road, Forest Hill, Maryland 21050.

3.      Defendant Christopher Maler (hereinafter "Maler" or collectively with Matthews II "Defendants") is the founder and Managing Member of Matthews II and resides at 8007 Woodhaven Road, Baltimore, Maryland 21237.

## JURISDICTION AND VENUE

4.      This is an action for false designation of origin and unfair competition under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq., vicarious trademark infringement, and common law unfair competition.

5.      The court has subject matter jurisdiction for the federal trademark claims under 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (trademarks).

6.      The court has subject matter jurisdiction of the unfair competition claims under the provisions of 28 U.S.C. § 1338(b) in that such claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq.

7. This Court has subject matter jurisdiction for all claims arising under state law, including common law unfair competition pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction).

8. Venue is proper under 28 U.S.C. § 1391 (b) and (c). Defendant Matthew's II conducts business in the State of Maryland and Defendant Maler resides and carries on business in the State of Maryland. Additionally, the acts of infringement are occurring within the State of Maryland.

## THE FACTS

9. Matthew's I is a Baltimore institution with a rich history, known for its unique style of pan pizza. It has the distinction of being the oldest pizzeria in Baltimore, and it began as a small bakery in Highlandtown in 1943 and moved to its current location on Eastern Avenue in 1947. Over the decades, Matthew's I has earned a reputation as a beloved and iconic spot, attracting both locals and tourists who come to experience a true Baltimore staple. Its long-standing popularity was recently highlighted when it was featured on Barstool Sports' well-known YouTube series, *One Bite Pizza Reviews*, hosted by Dave Portnoy. In February 2025, Portnoy gave Matthew's I a favorable review on the channel, which has 1.47 million subscribers. The video has since racked up over 272,000 views, further cementing Matthew's I as a must-visit destination. *See* https://www.youtube.com/watch?v=oEZPhzIJ768.

10. Matthew's I owns the mark MATTHEW'S PIZZA® which is registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 7,613,183. ***See* Exhibit A** (copy of the trademark registration) (the "Plaintiff's MATTHEW'S PIZZA® Mark"). Since 1943, Plaintiff's MATTHEW'S PIZZA® Mark has been used to identify the pizza

restaurant in the Highlandtown area of Baltimore and to distinguish it from other restaurants, by and among other things, prominently displaying and using Plaintiff's MATTHEW'S PIZZA® Mark on its entrance, menus, and website, as well as on online food ordering platforms like Uber Eats.

11.     Christopher Maler was a co-owner of the prior company that owned Matthew's Pizza for approximately 25 years. However, Maler sold his interest in Matthew's Pizza in 2020 and retains no right to use Plaintiff's MATTHEW'S PIZZA® Mark.

12.     In or about May 2024, Matthew's I became aware that Maler was contemplating opening a pizza restaurant using the mark MATTHEWS L3 PIZZERIA that would infringe Plaintiff's MATTHEW'S PIZZA® Mark. Matthew's I sent two cease and desist letters to Maler; the first on May 16, 2024 and September 24, 2024 in an effort to stop Defendants from opening a pizza restaurant using a trade mark that would infringe Plaintiff's MATTHEW'S PIZZA® Mark. *See* **Exhibit B** (Plaintiff's Cease and Desist Letters). Matthews II and Maler ignored both cease and desist letters.

13.     On August 7, 2025, prior to Matthew's II announced its soft opening on August 12, 2025, undersigned counsel sent a cease and desist letter to Defendants which demanded that Maler and Matthew's II cease and permanently refrain from using the MATTHEW'S PIZZA® mark (or any similar mark) in connection with the sale of pizzas and related foods. *See* **Exhibit C** (Plaintiff's Counsel's Cease and Desist Letter).

14.     The Defendants ignored Matthew's I's counsel's August 12, 2025 cease and desist letter  and Defendants opened a competing pizza restaurant using the mark MATTHEW'S L3 PIZZERIA in mid-August 2025.

15.     There is ample evidence of customers who are actually confused about Defendant's

affiliation with Matthew's I. Since Matthew's II opened its doors, on platforms such as Google,

Facebook, Instagram, TripAdvisor, Reddit, and TikTok, many customers have demonstrated that

they believe that Matthew's II is the second location of Matthew's I, including but not limited to

the following from the Defendant's Google Review page:



**Andrew Supa**
Local Guide · 14 reviews · 10 photos                              ⋮

★★★★★  3 weeks ago  **NEW**

Dine in | $10–20

Just as I remembered it from years ago on Eastern Ave...The atmosphere, the food and the conversation. Knocked it out of the park!

Food: 5/5 | Service: 5/5 | Atmosphere: 5/5



**Jeff Cammarata**
7 reviews                                                          ⋮

★★★☆☆  2 weeks ago  **NEW**

Lunch | $10–20

The Pizza not nearly as good as what I get from the original location or DeSantis. Clean atmosphere and good service. Disappointed to see they would not offer a pie to go for a police officer working.

Food: 3/5 | Service: 5/5 | Atmosphere: 4/5


♡  ❤ 1  ⤳

**Leroy Yegge**
9 reviews · 1 photo                                                ⋮

★★★★★  a week ago  **NEW**

Had lunch here on Saturday with my nephew and his son. The pizza was a good as ever, just like I remembered from the Highland town days. I took home an order of meatballs and what a great surprise for a midnight snack. Delicious ! Will definitely be back sooner then later .
Great job Matthew's L3!

Food: 5/5 | Service: 5/5 | Atmosphere: 5/5


♡ Hover to react    ⤳

> Matthews L3 Pizzeria (Owner)
> a week ago
>
> We very much appreciate your business and willingness to share a great experience. Looking forward to seeing you again.

6



**Nichole Shahverdi**
3 reviews

★★★★★ a week ago NEW

Excellent pies served old school Highlandtown style between the paper plates to keep the crust crispy! Gravy fries covered in gravy! Definitely recommend!

Food: 5/5 | Service: 5/5 | Atmosphere: 5/5

♡ Hover to react    ⟨

Matthews L3 Pizzeria (Owner)
a week ago

Thank you so much. Glad you enjoyed those groovy gravy fries!



**Jennifer Yourik**
2 reviews

★★★★★ a week ago NEW

Everything was amazing!!! Couldn't be more excited that my favorite pizza is just a short drive.

Food: 5/5 | Service: 5/5 | Atmosphere: 5/5

♡ Hover to react    ⟨

Matthews L3 Pizzeria (Owner)
a week ago

Very excited to see you had a great experience. Thank you.



**Angie Broomell**
7 reviews · 5 photos

★★★★★ a week ago NEW

Dine in

LOVE this place! Will be going back soon. The pizza is just as I remember from Matthew's in Highlandtown. The orange crushes were fantastic, as was the service!




♡ Hover to react    ⟨

Matthews L3 Pizzeria (Owner)
a week ago

Thank you for your feedback! Looks at those delicious looking orange crushes. :)



**Amanda Mong**
Local Guide · 17 reviews · 2 photos

★☆☆☆☆ a day ago  NEW

Unfortunate experience. We really love this pizza because we've had it at DeSantis in Perry Hall. The pizza at this establishment island and it took an hour and 20 minutes for us to get two cheese, pizzas and a chicken wrap. At one point, I asked for a water refill and never got it..drinks took 20 minutes. We are a family with children so we can't really wait that long.

Food: 1/5  |  Service: 1/5  |  Atmosphere: 1/5



**Tony Rakowski**
7 reviews

★★★★★ a week ago  NEW

Lunch  |  $10–20

Always enjoyed Mathews pizza in Baltimore. Mathews in Forest hill nailed it. Excellent waitress and the pizza was definitely the best we have had. Also the atmosphere is very upbeat and comfortable. Definitely will dine in again.

Food: 5/5  |  Service: 5/5  |  Atmosphere: 5/5



16.    Around the time Matthew's Pizza II commenced operations in August of 2025, the payroll service provider for both Matthew's Pizza I and Matthew's Pizza II, Toast, mistakenly added employees from Matthew's Pizza II to the employee list of Matthew's Pizza I. As a result, Matthew's Pizza I had to contact Toast to request the removal of those employees who were not employed by its business.

17.    Despite this effort, Toast was still confused. On September 9, 2025, Matthew's Pizza I received a notification from Toast indicating that a direct deposit for an employee of Matthew's Pizza II had failed. This error originated from Toast, a vendor of both parties, identifying

employees of Matthew's II as employees of Matthew's I and not realizing that the two are separate companies with different employees.

18.     Maler, as the owner and managing member of Matthew's II, directs and controls Matthew's II's actions, including authorizing the use of a mark that infringes upon Plaintiff's MATTHEW'S PIZZA® Mark. Maler directly benefits from Matthew's II infringing use of the Mark by using the Mark to attract customers and financially profits from their patronage, some thinking that Matthews II and Maler are associated with Matthew's I.

19.     Defendants willfully infringed Plaintiff's MATTHEW'S PIZZA® Mark in interstate commerce by using a mark that infringes Plaintiff's MATTHEW'S PIZZA® Mark as the name of Defendant's competing pizza restaurant.

<u>**COUNT I TRADEMARK INFRINGEMENT**</u>
<u>**(15 USC § 1114(1)(a))**</u>
<u>**(Matthew's II)**</u>

20.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 17 as though fully set forth herein.

21.     Plaintiff owns the mark MATTHEW'S PIZZA® which is registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 7,613,183. This registration creates a presumption of validity and ownership of the Mark.

22.     The Mark is distinctive and has been continually used in commerce since 1943, and is associated with Matthew's I in the minds of consumers.

23.     Matthew's II's use of the mark MATTHEWS L3 PIZZERIA to identify its competing pizza restaurant has and is likely to continue to cause confusion as to the source, approval, affiliation, association, or sponsorship of its goods and services. As has occurred already,

there is a strong likelihood that prospective consumers will be confused between Plaintiff's MATTHEW'S PIZZA® Mark and Defendants' MATTHEWS L3 PIZZERIA mark.

24.     The marks MATTHEW'S PIZZA and MATTHEWS L3 PIZZERIA are substantially similar in sound, appearance, and commercial impression, differing only by the addition of "S," "L3," and "IA" to Plaintiff's MATTHEW'S PIZZA® Mark. The primary portion of both marks is MATTHEW'S.

25.     Both marks are used in connection with identical services—pizza restaurant services—offered in the same geographic market of Baltimore, Maryland. They share common customers as evidenced by Defendant's Google review page.

26.     Plaintiff's MATTHEW'S PIZZA® Mark is strong, having been registered in 2024 on the Principal Register and used continuously since 1943, establishing substantial consumer recognition and goodwill.

27.     The channels of trade are identical, as both parties operate pizza restaurants targeting the same consumer base.

28.     Significantly, there is substantial evidence of actual consumer confusion, as demonstrated by numerous customer reviews and social media posts wherein consumers explicitly state they believe Defendants' restaurant is a second location or affiliated with Matthew's I.

29.     Matthew's II had actual knowledge of Matthew's I's exclusive right to use the Mark when it engaged in the conduct complained of herein. Thus, Matthew's II's and Maler's actions were undertaken willfully and with the intention of causing confusion, mistake or deception among consumers and the general public.

30.     The above factors in paragraphs 21-29 weigh heavily in favor of finding a likelihood of confusion.

31.    Defendants' infringement is particularly egregious given Maler's intimate knowledge of Plaintiff's MATTHEW'S PIZZA® Mark and business. Maler was fully aware of Plaintiff's MATTHEW'S PIZZA® Mark's commercial value, consumer recognition, and legal protection. Maler deliberately chose to adopt a confusingly similar mark for his competing pizza restaurant. Defendants' willful infringement is further evidenced by their complete disregard for Matthew's I's legal rights after receiving three separate cease and desist letters dated May 16, 2024, September 24, 2024, and August 7, 2025. Rather than selecting an entirely different name to avoid confusion, Defendants persisted in using a mark so similar to Matthew's I's registered trademark that consumers immediately assumed an affiliation between the businesses, and that Matthew's I has opened a second location in Fallston. This conduct demonstrates bad faith and an intentional desire to trade on Matthew's I's established goodwill and reputation, warranting enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

32.    Matthew's II has used, and is using, a mark that infringes the Mark in its advertising and on social media, as well as in the restaurant, through signage, menus, employee apparel, etc., in interstate commerce in such a manner as to create a likelihood of confusion among actual and prospective consumers.

33.    In fact, many actual and prospective consumers have been confused by Matthew's II infringing actions as demonstrated by customer reviews and media articles about Matthew's II, including the following:



**WBEL-Air TV News**
January 2 · 🌐                                                                    ...

PIZZA PANDAMONIUM....
There's been dough much talk about when Matthew's L3 Pizza in Forest Hill is going to open up and bake your day!
Today I spoke with the owner and we had a great conversation about the much anticipated opening. I told him so many people wanted a pizza the action and asked when will we see the flour power in action? He told me in not so many words that, There's no piefect timing but they will hopefully be rising to the occasion in the early Spring!
Matthew's is known for its unique deep dish Pizza made and made famous in Baltimore and beyond! Their super fresh dough is made twice daily, their house made sauce is definitely a hit. The new L3 venue will offer a large family friendly setting with room for approximately 100 people. There will be ample bar space and sports on the screens.
We look forward to getting a slice of the action!
Gio



13


**Susan Haslego**
I don't think anyone can replicate the taste of the original Matthew's Pizza. Looking
forward to the reviews, once this place opens.

35w   Like   Reply   2 

 **Cliff Tyler**   ...
**Susan Haslego** if they're using the same dough and same sauce it's pretty easy.

35w   Like   Reply

 **Susan Haslego**   ..
**Cliff Tyler** Time will tell. Personally, I would love for it to be exactly the same.

35w   Like   Reply   

 **Cliff Tyler**
**Susan Haslego** in reading more of this post it seems the original Matthew's
Pizza was sold a few years back and this new place in Harford county is being
opened by the original owner using a slightly altered name.

35w   Like   Reply   2 

⬥ Top fan
**Maria Cartwright**
**Cliff Tyler** not true. The original owners of the Eastern Ave Matthews Pizza
sold years ago to the owner that just sold a couple of years ago. The original
owner of Matthews Pizza opened DeSantis in Perry Hall several years ago. He
sold Desantis Pizza a couple of years ago to a couple of his employees that
worked for him. The owner of L3 is the person who purchased Matthew's
pizza from the original owner. Not the original owner of Matthew's Pizza. If
this makes any sense to you.

34w   Like   Reply   

 **Mia Catalfamo Ellis**
Matthew's Pizzeria on Eastern Avenue holds so many good memories for me. We went
there a lot when I was a kid, and continued to order from there when we moved away
from the city. We then would get it from DeSantis; that place too holds many memories   ...
for me. My dad passed in January 2022, and he loved the original Matthew's Pizzeria (he
was from Highlandtown) and then hung out a lot at DeSantis. I look forward to when
this new place opens. It may just make me teary.

35w   Like   Reply   Edited   9 



**Betty Happel**
Can't wait to go to the new location! Growing up our parents always got The Matthew's pizza located on Eastern Avenue!

34w    Like    Reply

🛡 Top fan
**Julia Hardgrove**
I go to Matthew's Pizza in Patterson Park all the time! It's my favorite! Looking forward to this location opening soon. 💃 ❤️

34w    Like    Reply

🛡 Top fan
**Janet Peacher Dorer**
When I worked at Bayview, Matthew's was the ONLY place to get pizza! Definitely a fav in East Baltimore.

35w    Like    Reply

**Dave Walsh**
Can't wait! Matthews pizza is the best.

35w    Like    Reply

**Lindsey Pope**
Can't wait! It was one of my favorites when I lived in Baltimore County

35w    Like    Reply



**Shawn McCaughey**
Thanks for the update. We were just at DeSantis in Perry Hall & we wondered when this would open closer to home!

35w    Like    Reply                                                                2 👍

**Stephen Thompson**
**Shawn McCaughey** I asked the owner of DeSantis and he also said they have nothing to do with this place. He said they are planning on opening a place in bel air very soon.

35w    Like    Reply                                                                3 👍

**Neita's Page**
**Stephen Thompson** So - am I reading your comment that DeSantis is also opening a place in Bel Air?

35w    Like    Reply                                                                2 👍

🏅 Top fan
**Michelle Branagan**                    ...
**Stephen Thompson** yes do tell

35w    Like    Reply    😋

**Stephen Thompson**
**Neita's** I only go off what I was told. I heard yes, they want Harford county to have a place to go and get authentic Matthews pizza and that it's in the works. 🙇

35w    Like    Reply                                                                3 👍

**Shawn McCaughey**
**Neita's Page** no its not desantis. Its a new place in bel air that will also serve Matthews pizza, but not Desantis

34w    Like    Reply                                                                👍

**Charlie Alexander**
**Shawn McCaughey** I've been told the same. This is not the original Matthew's pizza. Just what I heard                    ...

35w    Like    Reply                                                                2 👍

**Steve Morlock**
**Charlie Alexander** you are correct                    ...

35w    Like    Reply    👍

Reply to Charlie Alexander                            😊 ☺ 📷 GIF 😃



**Kim Paul**
**Stephen Thompson** This explains it. You've misunderstood. It's not a "new location" for any existing restaurant.
https://www.wmar2news.com/localeats/former-matthews-owner-to-open-new-pizzeria-in-forest-hill

35w   Like   Reply

**Stephen Thompson**
**Kim** So an old employee or owner is now opening up a restaurant using their name and pizza but defending himself by using L3 in the title? Seems illegal doesn't it? I'm no lawyer but I'm guessing that why they put "L3".

35w   Like   Reply                                                                3 👍

**Stephen Thompson**
**Morgan** very true, I don't know the details but it's just an odd name that kind of makes me think it's something shady. I was just kind of excited when I was at Matthews this past weekend to find out more about the new spot and him saying it has nothing to do with Matthews pizza made me think. Wonder what style of pizza they'll be serving at L3?

35w   Like   Reply   Edited                                                     4 👍

**Rex Hruz**
**Stephen Thompson** I'm going to agree with you on this one. I'm probably going to try it but it does seem to be odd with the added name letter and number.

35w   Like   Reply                                                             4 👍

Reply to Stephen Thompson                                   😊 ☺ 📷 GIF 🙂


**Stephen Thompson**
Why is it called Matthews L3 and not just Matthews pizza? When I was at Matthews pizza this weekend and asked the owner when he's opening his new location he said it's not him and it has nothing to do with Matthews pizza. Kind of confusing.

35w   Like   Reply                                                             4 👍

17

**mike_thomas_1972** • 5mo ago

I've seen "newer" posts where they said opening early Spring 2025... which would be <checks notes> now.

From peeking in the window, it doesn't look like it's that far away, but not like the next few weeks or anything like that. Curious how much the pizza tastes like the Matthews in Highlandtown... there's been a bit of confusion over the relationship between the two restaurants (none), how the pizza will taste relative to Highlandtown (TBD), etc.

The owner of the new restaurant DID own the one in Highlandtown, but this one ISN'T associated with that one in any way. But, I'm assuming that pizza recipe will live on.

⊖   ⇧ 2 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯

**GoNads1985** OP • 5mo ago

It's kinda weird to name it Matthews and not be associated? Especially with how well known Matthews pizza is 🤨

⊖   ⇧ 1 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯

**mike_thomas_1972** • 5mo ago

I've seen some posts on Google Reviews and Yelp for the new restaurant (of course, an unopened restaurant at this point) where the current owner of Matthew's in Highlandtown voices their "displeasure" with the confusion in names, location, relationship, etc.

⇧ 1 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯

**ETiburzi20** • 1mo ago

I believe the old owner of Mathews is a part of this resturant and the pizza will be the same.

⇧ 1 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯

**SomeBeansMyLord** • 5mo ago

I heard there was some kind of issue between Desantis Pizzaria (they serve Matthew's pizza) and this location. Maybe just heresay .

⊖   ⇧ 1 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯

**justjcarr** • 5mo ago

OG Mathews has posted saying this is a completely unrelated business.

⇧ 1 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯

**Impossible-Reindeer8** 🦌 • 17d ago

Yea, the issue is the guy doesn't have anything to do with matthews pizza anymore and is using it for her own personal benefit. Weird

⇧ 1 ⇩   ◯ Reply   ⎰ Award   ⇄ Share   ⋯



34.     Matthew's II's use of the Mark induces actual and prospective consumers to believe, contrary to fact, that the experience and food provided by Matthew's II are affiliated, endorsed, rendered, sponsored, and otherwise approved by, or connected with, the Matthew's I. Matthew's II's actions have intentionally misled consumers into believing that there is an affiliation between Matthew's II and Matthew's I.

35.     Matthew's I has already been damaged and will continue to be damaged by such false association and representations by reason of the likelihood that actual and prospective

consumers, as well as the general public, will be confused as to the true source, sponsorship, or affiliation of Matthew's II's services. As well, bad reviews of Defendant's restaurant reflect poorly on Plaintiff's reputation.

36.     Matthew's II's actions have caused the Plaintiff irreparable injury, loss of reputation, and pecuniary damages.

37.     Unless enjoined by this Court, Matthew's II will continue the acts of unfair competition by false designation of origin complained of herein to Plaintiff's immediate and irreparable damage.

38.     Plaintiff has no adequate remedy at law.

39.     The balance of the hardships favors Plaintiff.

40.     Preventing Matthew's II from using a mark that infringes Plaintiff's MATTHEW'S PIZZA® Mark is in the public interest.

**COUNT II VICARIOUS TRADEMARK INFRINGEMENT**
**15 USC § 1114(1)(a)**
**(Against Christopher Maler, Individually)**

41.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 38 as though fully set forth herein.

42.     Maler owns Matthew's II and manages its activities.

43.     As the owner of Matthew's II, Maler has a direct financial interest in infringing Plaintiff's MATTHEW'S PIZZA® Mark and confusing consumers because Maler controls, and directly benefits from, the funds generated by Matthew's II.

44.     Maler had knowledge of Matthew's I's exclusive right to use the Mark when he induced Matthew's II to engage in the aforementioned infringing acts. Thus, Maler's actions in

inducing Matthew's II to infringe upon Plaintiff's MATTHEW'S PIZZA® Mark were undertaken willfully and with the intention of causing confusion, mistake, or deception among actual and prospective consumers, as well as the general public. It was foreseeable that confusion, mistake, or deception among actual and prospective consumers, as well as the general public, would result from Maler's inducement of Matthew's II.

45.    Maler has directly engaged in, and intentionally induced Matthew's II, to use, and continue to use, Plaintiff's MATTHEW'S PIZZA® Mark in commerce with full knowledge that they did not have permission from Plaintiff to use its Mark.

46.    Even after Matthew's I demanded in writing that Defendants cease their use of Plaintiff's MATTHEW'S PIZZA® Mark on three (3) different occasions, Maler ignored such demands and continued to use, and intentionally induced Matthew's II to use Plaintiff's MATTHEW'S PIZZA® Mark, knowing it would create a likelihood of confusion among actual and prospective consumers, as well as the general public all to his direct financial benefit.

47.    Maler intentionally engaged in the aforementioned actions, and induced Matthew's II to engage in the aforementioned actions, with knowledge that it would cause irreparable harm and serious damage to Matthew's I.

48.    Maler has used, and continues to use the infringing mark to induce restaurant-goers to eat at Matthew's II when they think they are going to eat at the second location of Matthew's I's restaurant.

49.    Maler's infringement, if allowed to continue, will cause serious damage to Matthew's I's business, goodwill, reputation and revenue, and will continue to cause confusion among actual and prospective consumers, as well as the general public.

50.    By reason of the acts of Maler alleged herein, Matthew's I has suffered and will continue to suffer irreparable damage and, unless Maler is enjoined from continuing these wrongful acts, the damage to Matthew's I will continue.

51.    Matthew's I has no adequate remedy at law.

52.    The balance of the hardships favors Matthew's I.

53.    Preventing Matthew's II from using a mark that infringes Plaintiff's MATTHEW'S PIZZA® Mark is in the public interest.

## COUNT III COMMON LAW UNFAIR COMPETITION

54.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 51 as though fully set forth herein.

55.    Upon information and belief, Defendants imitation and infringement of Plaintiff's MATTHEW'S PIZZA® Mark is intentional and is calculated to deceive Matthew's I's actual and prospective consumers, as well as the general public, and has misled, and will mislead to the diminution of said business, reputation, revenue, and goodwill of Matthew's I.

## PRAYER FOR RELIEF

Matthew's II and Maler continue to do the acts complained of, and unless enjoined, will continue to do so, all to Plaintiff's irreparable damage. It would be impossible to ascertain the amount of compensation that would afford Plaintiff adequate relief for such continuing acts. Therefore, Plaintiff's remedy at law is not adequate to compensate it for its injuries.

WHEREFORE, Plaintiff requests that:

1.    This Court enter judgment in favor of Plaintiff and against Defendants on all counts of the Complaint;

2.      This Court enter a temporary restraining order and preliminary injunction immediately enjoining Defendants from using the mark "Matthews" or any other mark confusingly similar to Plaintiff's MATTHEW'S PIZZA® mark pending final resolution of this matter;

3.      This Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A. § 1116, enjoining Defendants, their agents, servants, and employees, from directly or indirectly using the name "Matthew's" or any mark, word, or name similar to Plaintiff's MATTHEW'S PIZZA® Mark, including it's current mark "Matthew's L3 Pizzeria," which is likely to cause confusion or mistake or to deceive;

4.      This Court, pursuant to the powers granted it under 15 U.S.C.A. § 1118, order that all signage, websites, letterheads, materials, advertisements, newsletters, or direct mailings in the possession of the Defendants bearing the mark "Matthew's" or any mark, word, or name similar to Plaintiff's MATTHEW'S PIZZA® Mark, such as "Matthew's L3 Pizzeria," and any other copies, plates, molds, matrices, or templates or means of duplicating the aforementioned Mark, be delivered and destroyed;

5.      This Court order Defendants to cease use and return all menus, employee apparel, or other items bearing the mark "Matthew's";

6.      This Court order Defendants to cease using any social media webpage or any other form of publication using the mark "Matthew's" or any other confusingly similar marks, such as "Matthew's L3 Pizzeria," to describe their restaurant and order Defendants to change its social media web pages from all social media websites;

7.      This Court, pursuant to the powers granted it under 15 U.S.C.A. § 1119, order Defendants to cancel any registrations filed with any governmental authority associated with Matthew's L3 Pizzeria, LLC;

23

8.     That Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after the entry of judgment, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order;

9.     This Court order Defendants to account to Plaintiff for any and all funds Defendants received from operating a restaurant using the MATTHEW's mark, and to whom such funds were distributed;

10.     This Court enjoin Defendants from soliciting contributions using the mark "Matthew's" or other confusingly similar marks, such as "Matthew's L3 Pizzeria";

11.     That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to Plaintiff and against Defendants, jointly and severally, the profits earned by Defendants, Plaintiff's damages, and the costs of this action and reasonable attorneys' fees;

12.     That this Court find this case exceptional under 15 U.S.C. § 1117 due to Defendants' willful infringement despite actual knowledge of Plaintiff's rights and its ignoring 3 letter sent to it and award Plaintiff reasonable attorneys' fees against Defendants, jointly and severally;

13.     That this Court order expedited discovery to preserve evidence of Defendants' gross receipts, prevent further consumer confusion, and facilitate prompt resolution of Plaintiff's claims for injunctive relief;

14.      That this Court order Defendants to publish corrective advertising, at Defendants' expense, in local media outlets and on all social media platforms where Defendants have promoted their business, clearly stating that Defendant is not affiliated with, endorsed by, or connected to Plaintiff, and that the two establishments are separate and unrelated businesses;

15. That this Court order Defendants to post prominent notices at their restaurant location, on their website, and on all social media accounts for a period of no less than twelve (12) months, clearly informing customers that Defendant has no affiliation, connection, or relationship with Plaintiff;

16. That this Court order Defendants to send written notification to all customers who have provided contact information (including email addresses, phone numbers, or mailing addresses) clearly stating that Defendant is not affiliated with or connected to Plaintiff and apologizing for any confusion that may have resulted from the similarity in names;

17. That this Court order Defendants to reimburse Plaintiff for all costs and expenses associated with corrective advertising undertaken by Plaintiff to clarify the lack of affiliation between the parties and to mitigate consumer confusion caused by Defendants' infringing conduct;

18. That this Court order Defendants to cooperate with any corrective advertising campaign deemed necessary by this Court or requested by Plaintiff, including but not limited to providing customer contact information and ensuring consistent messaging across all platforms; and

19. That this Court grant such other and further relief as it deems just and proper.

September 26, 2025                          Respectfully submitted,


*/s/ Kaitlin D. Corey*_____
James B. Astrachan (Fed. Bar No. 03566)
Kaitlin D. Corey (Fed. Bar No. 19907 )
Corey Tepe, LLC
6325 Woodside Court, Suite 130
Columbia, MD 21046
Telephone: (410) 783-3526
Facsimile: (443) 452-5262

25

jim@coreytepe.com
kaitlin@coreytepe.com
***Attorneys for Plaintiff, Tomato Pie, Inc. d/b/a Matthew's Pizza***

### VERIFICATION

I, Damion DeSantis, the sole owner of Tomato Pie, Inc. declare under penalty of perjury under the laws of the State of Maryland that the foregoing Verified Complaint for Trademark Infringement and Unfair Competition is true and correct.

Damion DeSantis