## EXHIBIT B

## Tomato Pie Letterhead

May 16, 2024

**VIA EMAIL**
Mr. Christopher Maler
8007 Woodhaven Road
Baltimore, MD 21237

Re: **Infringement of Matthew's Pizza Trademark**

Dear Mr. Maler:

I am the President of Tomato Pie, Inc., which owns the Matthew's Pizza trademark. I have recently discovered that your business is using the name **Matthews L3 Pizzeria** for a pizzeria or similar business that you have opened or intend to open. After consulting with my professional advisors, I believe that your company's name is deceptively similar to and infringes on Tomato Pie's ownership of the Matthew's Pizza tradename and trademark, for which an application has been filed with and is pending before the United States Patent and Trademark Office ("USPTO").

I recently learned of your use of this deceptively similar name when customers of several Tomato Pie's licensees indicated that they had read an article in the Baltimore Business Journal which led them to believe that the licensees were opening a new pizzeria in Harford County. In fact, it appears that the article these customers read relates to **your** plans to open a pizzeria in Harford County. Upon further investigation, it was discovered that you have formed a Maryland limited liability company using the name Matthews L3 Pizzeria, LLC.

I and my professional advisors believe Tomato Pie and its licensees have the exclusive right to use this trademark for the following reasons:

1. Tomato Pie has established priority in the trademark because its use of the trademark precedes your use. Specifically, since 1943, Tomato Pie's affiliate and predecessor-in-interest trading as Matthew's Pizzeria has been using the trademark for its pizzeria.

2. As noted above, Tomato Pie has filed an application with the USPTO, Register No. 98443517 on March 11, 2024.

Because you are using the same or a deceptively similar trademark on the same or similar products, I and my professional advisors believe that your use of the trademark has caused confusion among the customers of Tomato Pie's licensees and is likely to continue to cause customer confusion in the future.

While the purpose of this letter is to open a dialogue between us, please be advised that I am prepared to take all actions necessary to protect Tomato Pie's trademark, including the institution of legal proceedings.

Matthew's Pizza Trademark
May 16, 2024
Page 2

In conclusion:

**You have infringed the trademark, which is a violation of law.**

**You must cease and desist from any use of the trademark.**

**Furthermore, you should sign the statement below certifying that you will cease using the trademark.**

I strongly recommend that you consult with an attorney before taking any action. If you have any questions about this letter, please feel free to contact me.

Sincerely,
Damian DeSantis.

### Cease and Desist Agreement

I, Christopher Maler, personally, and on behalf of Matthews L3 Pizzeria, LLC agree to immediately cease and desist from all further use of Matthews Pizzeria or any similar name. If I or my company breach this agreement, Tomato Pie, Inc. shall be entitled to all costs, including attorney's fees, related to all claims or actions brought to enforce this agreement and shall be free to pursue all rights they had as of the date of this letter. I certify that I have the authority to enter into this agreement on behalf of myself and Matthews L3 Pizzeria, LLC.

Matthews L3 Pizzeria, LLC

Date: _____    By: _____
                                    Christopher Maler, Authorized Agent

# Tomato Pie, Inc.

09/25/2024

Mr. Christopher Maler
8007 Woodhaven Road
Baltimore, Maryland, 21237

Attention: Christopher Maler

Re: Trademark Infringement

Dear Mr. Maler:

Tomato Pie Inc (the "**Company**") owns and operates **Matthew's Pizza**. The Company also owns trademarks associated with its business, a sample of which is attached to this letter for your reference registered with the United States Patent and Trademark Office with the registration number "U.S. Reg. No. 98443517," attached to this letter for your reference **Matthew's Pizza** (the "**Trademark**").

It has come to our attention that your business, Mr. Christopher Maler, has been using our Trademark or a very similar mark (the "**Infringing Trademark**") in association with the marketing, sale, distribution, or identification of its products or services, and is thus trading on the name, goodwill, and reputation earned by the Company. It is possible that you were unaware of this conflict and we believe it is in our mutual interest to bring it to your attention and resolve it.

Our Trademark provides us with certain proprietary rights, including the right to monitor and restrict the unauthorized use of our Trademark, or confusingly similar trademarks, in association with non-Company products or services. We must exercise this right to protect the value of both our Trademark and of our business. Our Trademark signifies the high quality of products and services offered by the Company and indicates to our customers and to the consuming public that all of our goods and services come from a single source. As such, it contributes substantially to the goodwill and value of the Company. Federal law supports our position that confusingly similar trademarks may cause undesirable confusion in the public. This confusion may in this instance cause material and irreparable harm to our Trademark by eroding the distinct association among our Trademark, our products and services, and the Company. Your actions constitute trademark infringement and unfair competition under both state and federal law, including the Lanham Act (15 U.S.C. §§1051-1127). Remedies for such infringement can include payment of actual and treble damages, recovery of profits, reimbursement of attorney's fees, and may also include injunctions against your further use of the Infringing Trademark and the seizure of infringing materials.

We respectfully request that you immediately discontinue any use of the Infringing Trademark in association with the marketing, sale, distribution, or identification of your products or services. As this is our second attempt,

please respond to us in writing within 15 calendar days indicating that you will cease and desist from any further use of our Trademark, the Infringing Trademark, or any confusingly similar trademark. We hope this issue can be resolved civilly and that we can avoid pursuing any further legal remedies. This letter is not intended to be a full statement of the facts in this matter, nor is it a waiver of our rights and remedies, whether at law or equity, all of which are expressly reserved.

Sincerely,   *[signature]*   9/26/24

Damion DeSantis
President
3131 Eastern Avenue
Baltimore, Maryland, 21224
ddesantis@matthewspizza.com