**EXHIBIT C**

**COREY TEPE**

Kaitlin D. Corey
kaitlin@coreytepe.com

410-783-3526 (office)
240-285-7628 (cell)

6325 Woodside Court #130
Columbia, MD 21046

August 7, 2025

**VIA EMAIL AND FEDEX TO:**
Matthews L3 Pizzeria, LLC
Attention: Mr. Christopher Maler
1517 Rock Spring Rd,
Forest Hill, MD 21050

Matthews L3 Pizzeria, LLC
Attention: Mr. Christopher Maler
8007 Woodhaven Road
Baltimore, MD 21237

    Re:    Infringement of Tomato Pie, Inc.'s Registered Trademark MATTHEW'S PIZZA®

Dear Mr. Maler:

    This firm represents Tomato Pie, Inc. d/b/a Matthew's Pizzeria ("Matthew") owner of the trademark MATTHEW'S PIZZA®. It has come to our attention that you are engaged in the infringement of Matthew's trademark MATTHEW'S PIZZA®. Specifically, you recently opened a pizzeria in Fallston, Maryland under the name MATTHEW'S L3 PIZZERIA in direct violation of my client's trademark rights.

    Matthew is the owner and exclusive user of the MATTHEW'S PIZZA® trademark for pizzeria and pizza parlors. See attached **Exhibit A** (Matthew's Trademark Registration). You and your company's use of MATTHEWS L3 PIZZERIA is likely to cause confusion – and has already caused confusion – among consumers, who assume, perceive or mistakenly believe that your restaurant is my client's restaurant and vice versa, or that there is some connection or affiliation between your restaurant and my client's restaurant. See attached **Exhibit B** (examples of reviews showing actual confusion). Your company's use of the MATTHEW'S PIZZA® mark injures my client by: (a) usurping and exploiting the goodwill and favorable recognition and reputation that our client has established in the MATTHEW'S PIZZA® mark, and (b) diluting the distinctive quality of my client's MATTHEW'S PIZZA® mark and the association of such mark with my client. Your company's actions thereby violate our client's legal rights in the MATTHEW'S PIZZA® mark and constitute unfair competition and service mark infringement under U.S. trademark laws including the Lanham Act (15 U.S.C § 1114 and 15 U.S.C § 1125(a)) and corresponding state laws, for which you and your company may be enjoined from further use of the MATTHEW'S PIZZA® mark and held liable for its profits attributable to the infringement and my client's actual damages.

August 7, 2025

       You should also be aware that the officers, directors, managers, members and owners of a company, like yourself, can be personally liable (on the basis of vicarious liability), for acts of trademark infringement committed by their company, when they direct, control, encourage, assist, supervise and/or knowingly participate in the infringing activities. Additionally, any continued infringement after receipt of this notice of our client's trademark claims – especially considering the prior cease and desist letters that my client sent to you which you blatantly ignored – will likely constitute bad faith and willful infringement, which support a monetary award to our client under the Lanham Act and recovery of attorneys' fees by our client (See 15 U.S.C. § 1117).

       As a result, my client demands that you immediately cease all unauthorized use of the MATTHEW'S PIZZA® trademark. **Within five (5) days of receiving this letter please confirm in writing you have:**

       1.    Ceased and will permanently refrain from using the mark MATTHEW'S PIZZA® mark or similar mark, including but not limited to use in any company name or trade name, or on any signage, menus, apparel, web pages, websites, social media sites, marketing or sales materials, or in any domain name, key word, metatag or other form or media;

       2.    Ceased all marketing, promoting, and advertising of any business and/or product infringing on the MATTHEW'S PIZZA® trademark or any confusingly similar mark, including, but not limited to, deleting all posts on all social media accounts advertising the unauthorized products; and

       3.    Provided an accounting of all sales and profits made from your business.

       This letter is without prejudice to any rights my client may have, each of which is expressly reserved. We look forward to your response and cooperation and are available to discuss should you need any clarification.

                                                   Very truly yours,

                                                   /s/ Kaitlin D. Corey

                                                   Kaitlin D. Corey