IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| TOMATO PIE, INC. D/B/A MATTHEW'S PIZZA, 1410 Shore Road Middle River, MD 21204, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEWS L3 PIZZERIA, LLC 3311 Trellis Lane, Abingdon, MD 21009, <br><br> and <br><br> CHRISTOPHER MALER 1517 Rock Spring Rd, Forest Hill, MD 21050, <br><br> Defendants. | Civil Action No.: MJM-25-3214 |

**PLAINTIFF, TOMATO PIE, INC. D/B/A MATTHEW'S PIZZA'S MOTION FOR ACCEPTANCE OF ALTERNATIVE SERVICE ON DEFENDANTS, MATTHEW'S L3 PIZZERIA, LLC AND CHRISTOPHER MALER**

Plaintiff, Tomato Pie, Inc., doing business as Matthew's Pizza, by and through its undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure

1

4, to accept its service of process on Defendants, Matthew's L3 Pizzeria, LLC and Christopher Maler through alternative means and states as follows:

1. Plaintiff has diligently attempted to effect personal service on Defendants at multiple locations but has been met with persistent evasiveness, rendering standard methods ineffective.

2. FRCP 4(e) permits service upon an individual within a judicial district of the United States by either following state law for service in the state where the district court is located (FRCP 4(e)(1)), or by personal delivery, leaving copies at the defendant's dwelling/abode, or delivering copies to an authorized agent (FRCP 4(e)(2)). Plaintiff has attempted the methods authorized under FRCP 4(e)(2) and is now seeking authorization and acceptance of alternative service under the general provisions of due process, as permitted when traditional means of service fail.

3. Due to articles written and published by the Baltimore Business Journal and the Baltimore Sun, the Defendants are aware of Plaintiff's lawsuit against them. *See* Morgan Simpson, *Baltimore pizzeria sues local restaurant over trademark infringement*, BALTIMORE BUS. J. (Sep. 30, 2025), https://www.bizjournals.com/baltimore/news/2025/09/30/matthews-pizza-highlandtown-sues-matthews-l3.html; *See also* Dan Belson, *Highlandtown pizzeria sues new Harford County eatery over trademark*, THE BALTIMORE SUN (Sep. 30, 2025, 3:13 PM), https://www.baltimoresun.com/2025/09/30/matthews-pizza-lawsuit-trademark/.

4. Plaintiff has exercised due diligence through its process server, Freestate Investigations, LLC, in attempting to serve the Defendants for over a week at both Mr. Maler's known residential address (3311 Trellis Lane, Abingdon, MD 21009) and the address for Matthew's L3 Pizzeria, LLC (1517 Rock Spring Road, Forest Hill, MD 21050), as detailed in the

Affidavit of Service regarding Christopher Maler (**Exhibit A**) and Affidavit of Service regarding Matthew's L3 Pizzeria (**Exhibit B**).

5. The timeline of unsuccessful service attempts in the Affidavit of Service documents demonstrates a clear pattern of evasion by the Defendants:

   a. On October 2, 2025, at 12:15 pm EDT, Paul Koch of Freestate Investigations, LLC called Matthew's L3 Pizzeria and asked for Mr. Maler. The person at the restaurant who spoke to Mr. Koch said that they have not seen Mr. Maler in several days. Mr. Koch also spoke with the restaurant's manager, Sherri Owings, who stated that she did not know when she would see Mr. Maler again, but she would pass along Mr. Koch's contact information to Mr. Maler.

   b. On October 4, 2025, at 10:21 am EDT, Rodney Getlan of Freestate Investigations, LLC attempted in-person service at Mr. Maler's residence. A teenage female opened the door and informed Mr. Getlan that Mr. Maler was not in. Mr. Getlan then asked if there were any adults at the property, and she stated that she was just there with a friend.

   c. On October 4, 2025, at 10:58 am EDT, Mr. Getlan attempted in-person service at Mr. Maler's restaurant. While there, Mr. Getlan spoke to a waitress, who informed him that Mr. Maler had not been present at the restaurant all day. The waitress was not sure if Mr. Maler was coming in or not that day.

   d. On October 7, 2025, at 10:38 am EDT, Mr. Getlan attempted in-person service at Mr. Maler's residence. Mr. Getlan knocked on the front door of the home several times without any response (other than a dog barking). Consequently, Mr. Getlan left a door tag with his contact information.

    e. On October 7, 2025, at 11:09 am EDT, Mr. Getlan attempted in-person service at Mr. Maler's restaurant. Mr. Getlan spoke with Ms. Owings, who acknowledged that Mr. Maler was the restaurant's owner but stated that Mr. Maler was not in. Ms. Owings explained to Mr. Getlan that Mr. Maler comes and goes as he pleases.

    f. On October 8, 2025, at 8:08 pm EDT, Mr. Getlan attempted in-person service at Mr. Maler's residence. Upon his arrival at the home, Mr. Getlan noticed that his door marker from the prior attempt to serve Mr. Maler at his residence had been removed. Mr. Getlan knocked on the front door of the home several times without any response. Once again, Mr. Getlan left a door tag with his contact information.

    g. On October 8, 2025, at 8:23 pm EDT, Mr. Getlan attempted in-person service at Mr. Maler's restaurant. Mr. Getlan spoke with an employee working the cash register, and he asked for Mr. Maler. The employee stated that Mr. Maler was not at the restaurant. Mr. Getlan asked if Mr. Maler was expected at all this evening, and the employee stated she does not know his schedule. Mr. Getlan left his business card with the employee.

6.     This record of persistent failed attempts, together with the observed removal of door tags and the articles mentioned in paragraph 3 of this Motion, all but confirms that the Defendants are aware of the lawsuit and are actively evading service. As federal courts have recognized, "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972); *TRW, Inc. v. Derbyshire*,

4

157 F.R.D. 59, 60 (D. Colo. 1994); *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 672 (S.D. Fla. 1985).

7. When a defendant is evading service, courts possess the discretion to authorize alternative service methods, provided the method comports with due process by being "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Todman v. Mayor of Baltimore*, 104 F.4th 479, 488 (4th Cir. 2024).

8. Given Defendants' evasiveness and Plaintiff's inability to complete service via the methods outlined in FRCP 4(e)(2), on October 10, 2025, Plaintiff sent the filings in the above-captioned matter to Defendant Matthew's L3 Pizzeria, LLC (the business address located at 1517 Rock Spring Road, Forest Hill, MD 21050) and Defendant Christopher Maler (his home address located at 3311 Trellis Lane, Abingdon, MD 21009) via the following methods:

   a. Certified Mail, return receipt requested;

   b. First Class Mail; and

   c. FedEx Overnight Shipping for delivery on or before noon on Saturday, October 11, 2025.

9. The above-mentioned methods are reasonably calculated to apprise Defendants of Plaintiff's lawsuit against them and were undertaken to prevent them from indefinitely frustrating the service of process, thereby complying with the requirements of due process. Specifically, Maryland Rule 3-121(a) allows service "by certified mail," and Plaintiff may rely on this Maryland Rule due to FRCP 4(e)(1). This subsection of FRCP 4 makes clear that a plaintiff may exact service

on a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

**WHEREFORE,** Plaintiff, Tomato Pie, Inc., doing business as Matthew's Pizza, respectfully requests that this Honorable Court enter an Order accepting Plaintiff's service of process on Defendants, Matthew's L3 Pizzeria, LLC and Christopher Maler as described in paragraph 8 of this Motion; and granting such other and further relief as this Court deems just and proper.

October 10, 2025                                          Respectfully submitted,

*/s/ Kaitlin D. Corey*
James B. Astrachan (Fed. Bar No. 03566)
Kaitlin D. Corey (Fed. Bar No. 19907)
Corey Tepe, LLC
6325 Woodside Court, Suite 130
Columbia, MD 21046
Telephone: (410) 783-3526
Facsimile: (443) 452-5262
jim@coreytepe.com
kaitlin@coreytepe.com
***Attorneys for Plaintiff, Tomato Pie, Inc. d/b/a Matthew's Pizza***