IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| TOMATO PIE, INC. D/B/A<br>MATTHEW'S PIZZA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEWS L3 PIZZERIA, LLC, ET AL.<br><br>　　　　Defendants. | Civil Actin No. 1:25-cv-03214-MJM |

## FINAL JUDGMENT AND PERMANENT INJUNCTION BY CONSENT

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

Plaintiff Tomato Pie, Inc. d/b/a Matthew's Pizza filed its Complaint and Motion for Temporary Restraining Order and Preliminary Injunction in this action on September 26, 2025, and that defendants Matthews L3 Pizzeria, LLC and Christopher Maler ("Defendants") were served with the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction on or before October 13, 2025; and

The parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and has jurisdiction over Defendants. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff's Verified Complaint states causes of action against Defendants for Trademark Infringement under the Lanham Act (15 U.S.C. Section 1114), Vicarious Trademark Infringement and Unfair Competition.

3. Without Plaintiff Tomato Pie, Inc. d/b/a Matthew's Pizza's consent, Defendants engaged in infringement of Plaintiff's registered trademark, MATTHEW'S PIZZA (the "MATTHEWS Mark") in violation of the Lanham Act 15 U.S.C. Section 1115.

4. Defendants, Christopher Maler, Matthews L3 Pizzeria, LLC, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, including Henry Tiburzi, co-owner of Matthews L3 Pizzeria, LLC, are hereby **PERMANENTLY ENJOINED** from:

> a. Directly or indirectly using the MATTHEWS mark, or any variation thereof, alone or in combination with any other word, name, or mark, in any manner whatsoever, including but not limited to use in connection with any goods, services, advertising, signage, online listings, or business operations.
>
> b. Making any further reference, whether express or implied, suggesting or implying any connection, affiliation, endorsement, sponsorship, or

association between Defendants and Plaintiff, or between Defendants and Matthew's Pizza.

5. Defendants shall comply with the following schedule for the cessation of all use of the MATTHEWS Mark and for removal or replacement of all materials bearing such MATTHEWS Mark:

    a. **Business Name Change:** Defendants shall submit all necessary filings to effectuate a business name change with the Maryland State Department of Assessments and Taxation (SDAT) within two (2) weeks of the date of this Final Judgment.

    b. **Outdoor Building Signage:** The existing outdoor building sign bearing the MATTHEWS Mark shall be removed and replaced within one hundred twenty (120) days of the date of this Final Judgment using best efforts to not damage the sign.

    c. **Interior and Exterior Signage (other than the outdoor building sign):** All interior and exterior signage bearing the MATTHEWS Mark shall be removed and replaced within three (3) weeks of the date of this Final Judgment.

    d. **Menus and Apparel:** All menus, uniforms, and apparel displaying the MATTHEWS Mark shall be replaced within five (5) weeks of the date of this Final Judgment.

    e. **Point of Sale and Online Vendors:** Defendants shall update and remove any use of the MATTHEWS Mark from all point-of-sale systems (including Toast) and all third-party online vendor platforms

      (including but not limited to UberEats, DoorDash, Grubhub, etc.) within five (5) weeks of the date of this Final Judgment.

    f. **Interior Design and Greeting Mats:** Defendants shall redesign or replace any interior décor elements or greeting mats bearing the MATTHEWS Mark within three (3) weeks of the date of this Final Judgment.

    g. **Social Media and Website:** Defendants shall remove all references to the MATTHEWS Mark from all social media accounts and websites within three (3) week**s** of the date of this Final Judgment. The domain name associated with Defendants' website incorporating the MATTHEWS Mark (https://matthewsl3pizzeria.toast.site/) shall be transferred to Plaintiff within the same period without cost.

6.    IT IS FURTHER ORDERED that, within twenty-four (24) hours following execution of this Final Judgment, Defendants shall prominently display the following notice on (a) all social media pages, (b) their website, (c) the front door of the restaurant, and (d) the customer counter where pizza is delivered. This notice shall remain posted and publicly visible for ninety (90) consecutive days:

> We here at Matthew's L3 Pizzeria will be changing our name to make clear that we are not associated in any way with Matthew's Pizza or any of its affiliates. Our quality, our commitment, and our use of only fresh, top-tier ingredients remain exactly the same. This change reflects our desire to stand independently. You can expect the same warm, friendly atmosphere and the same excellent dining experience you've always enjoyed. Thank you and see you soon.

4

7. The parties having agreed to a confidential settlement agreement that resolves Plaintiff Tomato Pie, Inc. d/b/a Matthew's Pizza's claims; no award of profits or damages is included in this Final Judgment.

8. Judgment is hereby entered in favor of Plaintiff Tomato Pie, Inc. as set forth above.

9. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

10. The Parties acknowledge that they are entering into a separate settlement agreement, which sets forth additional terms and conditions.

11. In the event of any action or proceeding to enforce or interpret the terms of this Final Judgment, or for breach of any provision of the Final Judgment, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such action or proceeding, in addition to any other relief to which it may be entitled.

12. This Final Judgment shall be deemed to have been served on Defendants, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

SO ORDERED, this 24th day of November, 2025.

/S/
_____
Matthew J. Maddox
United States District Judge

CONSENTED TO:

| | |
|---|---|
| */s/ Kaitlin D. Corey* | */s/ Jan Berlage* |
| Kaitlin D. Corey, Esq. | Jan Berlage, Esq. |
| Corey Tepe, LLC | Gohn Hankey & Berlage, LLP |
| 6325 Woodside Court, Suite 130 | 201 North Charles Street, Suite 2101 |
| Columbia, MD 21046 | Baltimore, MD 21201 |
| kaitlin@coreytepe.com | JBerlage@ghsllp.com |
| 410-783-3526 | 410-752-9300 |
| | |
| *Attorney for Plaintiff Tomato Pie, Inc.* | *Attorney for Matthews L3 Pizzeria LLC and Christopher Maler* |